PAUL SEGLIE v. JOHN J. McGOVERN, COUNTY CLERK.

Decided October 27, 1924.

**Elections—Filing Withdrawals from Petition of Nominations— Election Laws' Specific Provision Relating to Acts Which Fall on Sunday—Provision that Filing Shall Take Place on Day Following.**

The opinion of the court was delivered by

MINTURN, J. At the argument, on Saturday last, I assumed from the tenor of the discussion, that whatever action I might order would be entirely local in its effect, and I also assumed because, as I apprehended the situation, counsel made no reference to it, that there was no provision in the Election act specifically relating to Sunday, and that the common law rule relating to an intervening Sunday was the question. As will be observed, I so treated the question. In examining the election compilation, a·search of the index to the various provisions of the act failed to disclose the existence of such a provision, under the heading of "Sundays" or "holidays." Upon that theory my conclusions were written. It was only after my conclusions had been filed with the clerk of the Supreme Court that my attention was called to the existence of paragraph 446 as a distinct provision of the act. That section provides that "should the day of the filing of any petition or other document, or the performance of any duty required by this act by any person, fall upon the Sabbath day, said filing or said performance of any duty shall be performed upon the following Monday." I am frank to say that were I aware of this provision, I should have, at least, delayed filing my conclusions until I had heard counsel further in the matter. But the situation, obviously, was urgent, and a session of the Supreme Court was therefore called, where the legal status was fully discussed, and the various provisions of the Election law fully considered. It must suffice to say that as a result of that conference a large majority of the justices were of the opinion that the Sunday sec-

tion of the act is applicable to this situation, and covers the present case, so that the declination of Dr. Shields, filed on Monday, October 6th, was legally effective.

It follows, therefore, as a result of this consensus, that the name of Dr. Shields should not appear upon the ballots. The conference, however, in dealing with the situation in this county, further determined that inasmuch as under present conditions it is physically impossible to reprint the large number of ballots in Hudson county, and that, if such reprinting were directed, a large proportion of the voters might be disfranchised, no order for reprinting of the same should be made in this county.

The effect of this conclusion is that the rule to show cause, allowed by the Chief Justice, will be discharged. Counsel may draw a rule to that effect, and present it to me for signature.